### RIGHTS UNDER A DEED CONVEYING OIL LANDS.

Circuit Court of Wood County.

DORA H. WOLLAM ET AL V. GEORGE H. VAN VLECK ET AL.

Decided, October 28, 1892.

*Deeds—Uncertainty as to the Estate Granted to "Heirs" of the Son of the Grantor—Where no Words of Perpetuity were Used—Lease for Gas and Oil of Lands thus Conveyed—Operations by the Lessees Can Not be Enjoined by Children of the Son of the Grantor.*

A deed granting a life estate to a daughter of a grantor and her husband with a covenant that the premises after the death of the life tenants "shall vest in and become the legal property of the heirs" of the grantor's son, in the absence of words of perpetuity is a conveyance of a fee simple estate in the remainder to the children of

the grantor; and the children of the son of the grantor, if any in-
terest in the property was conveyed to them, took a life estate only,
and are not entitled to an injunction against operations under an
oil lease executed by the daughter of the grantor and her husband.
The words "forever" or "to one and his assigns forever" add no force
to a grant of an estate in lands.

SCRIBNER, J.; BENTLEY, J., and HAYNES, J., concur.

Appeal from Wood Common Pleas Court.

It appears from the evidence and proof in the case that Benja-
min Wollam in his lifetime was the owner of certain lands which
are described in the petition, and in regard to which the con-
troversy here arises.

The said Benjamin Wollam had two children, both now living;
one Leah Crowell, wife of the defendant, Agustus Crowell; the
second William M. Wollam, one of the defendants in this action.
The said William M. Wollam has three daughters, the plaintiffs
herein, viz.: Dora H. Wollam, Laura S. Wollam and Loraine
Yambert.

July 16, 1883, the said Benjamin Wollam executed and de-
livered the deed which is involved in this controversy; this deed
was delivered for record, July 7, 1884; afterwards, and before
the commencement of this suit, the said Benjamin Wollam died
intestate. An oil and gas lease of the premises in question was
executed by Leah and Agustus Crowell, the grantees for life
named in the deed, to Frank Drake, May 14, 1890. This lease
was afterwards assigned to the defendant, Van Vleck, who is
asserting his right to proceed thereunder, and with the defend-
ant, Jesse Graham, threatens to enter and drill oil wells upon
the premises in question, appropriating the oil and gas under-
lying the same to their own use. It is alleged that these threat-
ened acts on the part of Van Vleck and Graham will operate to
the waste and injury of the premises.

The material allegations in the petition in this regard are as
follows:

"That on said last-named date, said Benjamin Wollam de-
signing and intending to convey to the defendants, Leah and
Agustus Crowell, an estate for life for each of them in said
lands, and designing and thereby intending to convey the estate

in remainder therein to these plaintiffs, procured a scrivener to prepare such deed and directed and instructed him to write in said deed a grant of said lands to Leah and Agustus Crowell during the life of them and of the survivor of them with remainder over to the children of the defendant, William M. Wollam; that thereupon said scrivener did prepare said deed granting said life estate as directed, but by mistake he wrote in said deed that said estate in remainder should vest in the heirs of said William M. Wollam instead of writing therein that the same should vest in the children of said William M. Wollam as he was instructed to do. And said deed as thus prepared with said mistake and incorrect provision was, through inadvertance and mistake, executed and delivered by said Benjamin Wollam, and was on July 7, 1884, duly filed for record and recorded in Vol. 73, p. 265, of the record of deeds of Wood county.

"That at the time of the delivery and acceptance of said deed, said grantees and each of them knew and understood said design, intention and purpose of said grantor as hereinbefore stated, and accepted said conveyance with full understanding that they thereby acquired respectively the estate which said grantor designed to convey and directed should be written in said deed. That thereafter, and before the commencement of this action, said Benjamin Wollam died intestate, leaving as his sole heirs at law the defendants, Leah Crowell and William M. Wollam, both of whom still survive him.

"Plaintiffs aver that said deed by the intention of the parties and upon a fair and reasonable construction thereof, conveyed to plaintiffs and vested in them an estate in remainder in said lands, after the termination of said life estate, but if said deed does not in fact and in law in its present form convey said estate in remainder to plaintiffs, it is the cause of the mutual mistake of the parties thereto, and of the scrivener who prepared the same as hereinbefore stated, and said deed should be corrected so as to convey said lands according to the true intent and direction of said grantor and the other parties thereto as hereinafter prayed. Wherefore plaintiffs say, and aver that said defendants, Leah and Agustus Crowell, have an estate for life in said land, and that plaintiffs are the owners in fee of an estate in remainder in said lands, after the termination of the life estate of said defendants, Leah and Agustus Crowell.

"Plaintiffs further aver that said lands contain and are underlaid at great depth with valuable deposits of petroleum oil; that said defendants, Leah and Agustus Crowell, having no further or other interest in the said lands than their said life estate, did on May 14, 1890, execute and deliver to one Frank Drake a certain

instrument of lease purporting to grant to said Frank Drake, his
heirs and assigns, the right to enter upon said lands and drill
and operate for, and remove therefrom the oil contained therein.
That subsequently said Frank Drake assigned the said instru-
ment and all the rights therein purported to have been given to
the defendant, George H. Van Vleck, who now holds the same
and is asserting his rights to enter upon said lands and drill
wells for oil therein. That on October 21, 1890, plaintiffs notified
said defendants, George H. Van Vleck and Jesse Graham, of
plaintiffs' interest in said lands and warned said defendants not
to enter thereon and not to drill any wells therein.''

The petition then proceeds to aver, that:

''The defendants, George H. Van Vleck and Jesse Graham,
are threatening to commence drilling an oil well on said lands,
and are now placing lumber, timbers and material thereon for
the purpose of erecting a derrick on said lands, and are threaten-
ing to drill a well therein to a great depth to reach the oil
bearing rock which underlies said lands and to draw therefrom
the valuable deposits of oil therein contained, and to take and
appropriate said oil and to wholly deprive said plaintiffs of the
benefit thereof.''

The petition then proceeds to aver that this threatened ac-
tion on the part of Van Vleck and Graham will operate to the
waste and injury of the estate of the plaintiffs in the lands; and
they aver that the lease is absolutely void and conveys no right
upon Van Vleck and Graham to enter upon said premises and
operate for oil. Wherefore, plaintiffs pray that the said deed
of conveyance from Benjamin Wollam may be decreed to con-
vey to plaintiff an estate in remainder in said lands. Or if said
court shall be of the opinion that in the present form of such
deed, such decree can not be made, plaintiffs pray that the said
deed may be so corrected and reformed as to accord with the
true intent and direction of the parties thereto, by substituting
the word ''children'' for the word ''heirs'' in the grant of said
estate in remainder, so that said portion of said deed shall read,
''It is further covenanted by and between the parties to this
conveyance that after the death of both of the above named
grantees the within described premises shall vest in and become
the legal property of the children of one William M. Wollam,

who is the son of the grantor thereof,'' and for a decree enjoining the defendants, Van Vleck and Graham, from proceeding to enter and drill upon the premises.

Upon the trial of the case there was given, subject to objections, testimony tending to show that the draughtsman of the deed was instructed to insert the word ''children'' where the word ''heirs'' appears therein as alleged in the petition and he substituted the word ''heirs'' for the word ''children'' because as he understood it, it was a more comprehensive term and equivalent.

There were answers and replies thereto, filed in the case, and the question substantially is whether or not the plaintiffs are entitled to have the deed reformed as claimed by them.

Now the deed reads as follows: ''Know all men by these presents that I, Benjamin Wollam, of the village of Rising Sun, O., for the consideration of $3,000 received to my full satisfaction of Leah Crowell and Agustus Crowell, the grantees, do give, grant, bargain, sell and convey unto the said grantees (the words ''heirs and assigns'' being run through with red ink) the following described premises''; then follows the description of the lands, and then comes this clause in the deed: ''It is further covenanted by and between the parties to this conveyance that after the death of both of the above named grantees, the within described premises shall vest in and become the legal property of the heirs of one William M. Wollam, who is the son of the grantor thereof.''

This conveyance is made upon the express condition that the said grantees shall take, keep and care for the said grantor, during his natural lifetime or any part thereof at his option, providing him, the said grantor, with an agreeable and pleasant home, together with all things necessary for his health and comfort.   The evidence tends to show that these stipulations providing that the grantees for life shall provide for the grantor, constitute the only valuable consideration upon which this instrument was executed and delivered.   It then proceeds:

''To have and to hold the above granted and bargained premises with the appurtenances thereunder belonging unto the said

grantees (heirs and assigns erased by red ink) forever. And I, the grantor, do for myself and my heirs, executors and administrators, covenant with the said grantees (heirs and assigns again erased by red ink) that at and until the ensealing of these presents, I am well seized of the above described premises as a good and indefeasible estate in fee simple, and have a good right to bargain and sell the same in manner and form as above written; that the same are free, clear and unincumbered except as above written, and that I will warrant and defend said premises with the appurtenances thereunder belonging, to the said grantees (heirs and assigns again erased in red ink), forever against all lawful claims and demands whatsoever, except as aforesaid."

Now it may be noted in this connection that according to the law as laid down in 1 Washburn, Real Prop., 156, according to the views there expressed, the words "forever" "or to one and his assigns forever" adds no force whatever to the grant. It adds nothing, I should say, to the estate granted. The addition of these simple words as they appear here, "To have and to hold the above granted and bargained premises with the appurtenances thereunder belonging unto said grantees forever," so far as force and effect are to be given to the conveyance, is precisely as if the word "forever" is not here added.

We adhere to the opinion expressed on the hearing that no case is made under the pleadings for a reformation of this instrument.

The rights of the parties are to be determined on a proper and reasonable construction of the language used in the deed itself. If in fact a life estate only is conveyed, the plaintiffs are not entitled to relief, as was conceded in the argument, when the owner of the life estate has any such interest in the lands conveyed as entitles such owner to quarry or open mines or to drill for gas or oil, has any interest in the substance underneath the surface, whether in mines already down or not, and can not therefore complain that the owner of the preceding life estate is committing waste in opening mines or drilling for any underlying substance.

One of the principal questions arising in the case is occasioned by the fact that no words of perpetuity are contained in this instrument so far as any of the parties to the controversy are con-

cerned. Plainly and clearly the grant to Leah and Agustus Crowell is of a life estate. If the covenant contained here, viz., "It is further covenanted by and between the parties to this conveyance that after the death of both of the above named grantees, the within described premises shall vest in and become the legal property of the heirs of one William M. Wollam, who is the son of the grantor hereof"; if these words are to be construed into a grant to the heirs of William M. Wollam, so far as it at present appears, there are no words of perpetuity; it is simply a grant, if it be a grant at all, that the grantees shall take an estate in fee, or an estate other than one for life.

In some states by statute it is provided, or the same provision is made in regard to the construction of deeds as is made in regard to the construction of wills. This is so in Alabama, Arkansas, Georgia, Iowa, Kentucky, Tennessee, New York, Texas, Virginia, Maryland and perhaps some other states, but no such provision is contained in any statute in Ohio, and Mallon in his work takes occasion to express dissent as to legislation of this character, and I may say in this connection that many of the decisions cited in the argument of this case for the plaintiff in error are from the courts of states where statutes such as I have mentioned are in force.

Now as bearing upon the case here presented, I will refer to the case of *Ford* v. *Johnson*, 41 Ohio State, 366, the syllabus of which reads: "In a deed of bargain and sale, the grant was 'unto said Charles Cline and his lawful issue, to go to his surviving brother or brothers and to their heirs and assigns.'" Martin, J., says:

"The original action was brought by Ford and others, the children and grandchildren of one Cline, to recover possession of land in Clinton county. The case is this: In September, 1824, Salters by deed of bargain and sale conveyed the premises to Cline. The grant is 'unto the said Charles Cline and to his lawful issue, and in case he should die without leaving lawful issue, to go to his surviving brother or brothers and to their heirs and assigns.'"

It would seem beyond question that the words "lawful issue" are equivalent to the word "children" as it is claimed to have

been written in this deed. The *habendum* runs "unto the said Charles Cline and his lawful issue, to the only proper use of the said Charles Cline and his lawful issue (as above mentioned) forever." There are covenants of seizin, of quiet enjoyment and against incumbrances which are with "the said Charles Cline and his lawful issue." These are the material features of the deed; and the court comes to the conclusion that the grant to Cline and his issue, they to hold forever, conveyed to Cline nothing but a life estate.

In *Brown* v. *Bank,* 44 O. S., 269, the Supreme Court laid down a more liberal rule as to the proper interpretation of the terms of a mortgage; they say:

"By a well established general rule the use of the word 'heirs,' or other appropriate words of perpetuity in a mortgage or other deed of conveyance of lands, is essential to pass a fee simple estate; but this is not an inflexible rule admitting of no exception or qualification.

"Where the language employed in, and the recitals and conditions of, a mortgage plainly evidence an intention to pass the entire estate of the mortgagor as security for the mortgage debt, and the express provisions of the instrument can not otherwise be carried into effect, it will be construed to pass such estate, although the word 'heirs' or other formal word of perpetuity is not employed.

"A mortgage was executed in Indiana upon lands in Ohio. By the terms of the mortgage the mortgagors 'mortgage and warrant' the lands to the mortgagee (without the usual words of succession or perpetuity) to secure the payment of negotiable notes, and provide that upon default of payment they are to be 'collected by foreclosure of the mortgage or otherwise.' By virtue of an Indiana statute, the words 'mortgage and warrant' are operative to pass a fee simple estate in the lands mortgaged. *Held,* the mortgage security does not terminate with the death of the mortgagee; but upon a foreclosure proceeding, after the death of the latter, a sale of the mortgaged premises in fee simple is authorized."

There is a very interesting discussion in that case, but the decision goes mainly upon the provision that the strict rule of law is to be recognized in cases where mortgages are given for security as payment of a debt.

·In the case of *Smith* v. *Block*, 29 O. S., 488, the syllabus reads:

"Real estate was conveyed to C for life, and after her death to her children by E, during ·the life of ·each of ·the children, and after their death to E ·and his heirs, *habendum* to C, during life, and after her death to the 'said surviving children,' ·and after the death of each of them to E and his heirs: *Held:*

" (1) . That ·the provision for the children was ·contingent upon their surviving their mother, and ·only such of the children as survived her took the estate.

" (2) That E took ̇a vested remainder in fee, subject to the intervening contingent estate of the children."

The application of the rule there is, that the devise being to the children of C, the life estate having been conveyed to C with a provision for the children, was contingent upon the death of the mother to whom the life estate was given.

Now upon these authorities and upon the general doctrine of the books, we are clearly of the opinion that even if any estate be granted to these plaintiffs, by this deed, it is an estate for life only. We do not undertake to decide that ·they took an es-tate for life, but if they did ·take anything, it is simply an estate for life.

The result in that case wou!d be ·that the two children of Ben-jamin Wollam, Mrs. Crowell and William M. Wollam, took the fee simple in remainder. These plaintiffs ·as life tenants would have no right ·to the relief which they pray for in their petition, and the judgment of ·the court is that the petition be dismissed with costs.